## Charles B. Maberry, Plff. in Err., v. Lehigh County.

Under the act of April 2, 1868 (P. L. 670), providing that the sheriff shall receive "for each juror summoned to attend at court and return of venire, to be paid by the county, without mileage, thirty cents," the sheriff is not entitled to additional compensation for preparing the tickets or notices to jurors.

The sheriff is entitled to thirty cents, not for each person drawn and for whom a ticket has been prepared, but only for those summoned.

(Argued February 2, 1888.   Decided March 19, 1888.)

January Term, 1888, No. 251, E. D., before GORDON, Ch. J., PAXSON, STERRETT, CLARK, and WILLIAMS, JJ.   Error to the Common Pleas of Lehigh County to review a judgment in favor of the defendant on a case stated, September term, 1887, No. 18. Affirmed.

The following case stated between Charles B. Maberry, as plaintiff, and the county of Lehigh as defendant, was submitted for the decision of the court:

That at the general election held on the second Tuesday of November, 1883, Charles B. Maberry, the above plaintiff, was by the qualified electors of the county of Lehigh duly elected high sheriff of said county for the term of three years, commencing on the first Monday of January, 1884; that he entered security as required by law, was duly commissioned and sworn and acted as and performed the duties of high sheriff of said county from the first Monday of January, 1884, to the first Monday of January, 1887;  .  .  .   that the whole number of jurors drawn and summoned by the plaintiff during the three years he held the office of high sheriff of said county was 2,196; that after said jurors were respectively drawn by the jury commissioners, the said plaintiff as sheriff of said county was obliged to make out and did make out separate tickets or jury notices in the customary form for each juror so drawn, which tickets or jury notices were delivered by him to the persons so drawn as jurors, or left at their usual place of abode, respectively, as required by law, which jury notices or tickets were partly written and partly printed,  .  .  .   being notices for grand and petit jurors

respectively, and the number of such jury notices or tickets which the said plaintiff was required to make out and did make out during his term of office as high sheriff of said county was 2,196; that the plaintiff was paid by the county of Lehigh the sum of 30 cents for each juror summoned by him to attend court during his term of office, without mileage, under the provisions of the fee bill regulating the sheriff's fees in force during his term of office in said county, making in all $658.80; that the said Charles B. Maberry, the above plaintiff, claims that, in addition to the said sum of 30 cents for each juror summoned by him to attend court as aforesaid, he is also entitled (under the laws of this commonwealth regulating the fees of sheriffs and other county officers, in force in said county during his term of office) to the sum of 25 cents for preparing and making out each separate one of said jury notices or tickets, . . . making in addition to the sum already paid him the sum of $549, which latter sum he claims is still due and owing him by said county; that the said plaintiff has heretofore presented a bill to the county commissioners of the county, and demanded payment from the county, of the said sum of $549, which payment was refused.

ALBRIGHT, P. J., delivered the following opinion of the court below:

Section 125 of the act of April 14, 1834, Purd. Dig. 964, provides the method of summoning persons drawn to serve as jurors. The sheriff shall deliver to each of said persons a separate ticket, in the customary form, specifying the duty enjoined, or leave such ticket at his usual place of abode.

The act of June 12, 1878, Purdon's Digest, 778, having been declared unconstitutional (Morrison v. Bachert, 112 Pa. 322, 5 Atl. 739), left the act of April 2, 1868, P. L. 670, in force. The said act of 1878 gave the sheriff 25 cents for summoning each juror, and the said act of 1868, 30 cents. The plaintiff has been paid the 30 cents. Upon the point in question said act of 1868 provides that the sheriff shall receive "for each juror summoned to attend at court and return of venire, to be paid by the county, without mileage, 30 cents."

It is claimed by plaintiff that he is entitled to be paid for preparing the tickets or notices, and that for this 25 cents for each notice ought to be paid. The argument is that warrant for this is found in the provision of said act of 1868 that the sheriff shall

receive "for services not herein provided for, the same fees as for similar services," and that the preparation of the written or printed notice resembles or comes nearest to a copy of a writ of summons for which 25 cents is allowed.

The argument of plaintiff's counsel proceeds on the theory that the plaintiff has been paid for serving the notices or tickets, but not for preparing them. In this I think he is mistaken. If said provision of the fee bill of 1868 gave the sheriff 30 cents for summoning each juror, the contention would be plausible. But the fee bill does not say that he shall be paid the 30 cents for summoning each juror, but for each juror summoned and return of venire 30 cents.

It may be said that the summoning of the jurors is the executing of the writ of venire and what is paid is for such execution.

The venire is placed in the sheriff's hands. Thereby he is commanded to summon the persons drawn as jurors. It is his warrant for demanding the citizen's attendance to serve as a juror. The compensation is graduated by the number of jurors.

The sheriff is to be paid 30 cents, not for each person drawn and for whom a ticket has been prepared, but only for those summoned; for those who have been drawn but not found nothing is paid. The provision of the law is plain. It is this: that for each juror actually summoned the sheriff shall receive 30 cents —for doing that which the law enjoins, that is to prepare a ticket and deliver it to the person drawn or leave it at his residence.

It would be equally plausible to claim that the 30 cents is intended for preparing the ticket, and that the sheriff shall be paid for serving it the same as for serving a summons ($1, and for each beside the first, 50 cents—or 50 cents for each), and that such claim was sustainable under the provision "for services not herein provided for, the same fees as for similar services." Such a claim could not be allowed. Neither can that of the plaintiff here. As already remarked, the 30 cents is given by the fee bill for all the sheriff has to do in this respect, preparing the ticket and delivering to the person drawn, or leaving it at his dwelling place.

The erroneous view on which this claim is based is that the law gives 30 cents for summoning each juror, instead of for each juror summoned 30 cents.

December 19, 1887, judgment on the case stated is entered for the defendant.

The assignments of error specified the action of the court in entering judgment for the defendant on the case stated.

*John Rupp* for plaintiff in error.

·*C. J. Erdman* and *James L. Schaadt,* County Solicitor, for defendant in error.—Cited: Irwin v. Northumberland County, 1 Serg. & R. 507; Clark v. Barber, 8 Luzerne Legal Reg. 289; Sommers v. Lackawanna County, 2 Law Times N. S. 189; Bussier v. Pray, 7 Serg. & R. 447.

PER CURIAM:
Judgment affirmed, on the opinion of the court below.